In re Petition for DISCIPLINARY ACTION AGAINST William F. KOLBINGER, an Attorney at Law of the State of Minnesota.

No. C4–87–2504.

Supreme Court of Minnesota.

Jan. 6, 1988.

---

### ORDER

The Director of the Office of Minnesota Lawyers Professional Responsibility filed a petition with this court alleging that in 1984 respondent had been retained on a collection matter. For more than two and one-half years respondent neglected the matter and failed to adequately communicate with his client and further failed to respond to the client's request for the return of the client's file. The petition further alleged that respondent issued to his client a check for the amount of the debt and indicated to both his client and to the ethics investigator that he had collected the funds so remitted from the debtor whereas in actuality the respondent had issued the check from his own funds in order to avoid disciplinary proceedings. By the petition the Director contended respondent's conduct violated Rules 1.3, 1.4, 1.15(b)(4), 1.16(d), 8.1(a)(1) and (2), and 8.4(c), Minnesota Rules of Professional Conduct. Subsequently the respondent and the Director entered into a stipulation for disposition. By the terms of that stipulation the respondent agreed to dispense with panel proceedings under Rule 10(a), Rules on Lawyers Professional Responsibility, and he waived all rights he has under Rule 14, Rules on Lawyers Professional Responsibility. Additionally, respondent admitted the allegations of the petition. Based upon the petition and the stipulation, both respondent and the Director recommend the court place respondent on supervised probation for a period of two years.

The court having examined the files and records herein NOW ORDERS:

1. The respondent shall be placed on supervised probationary status for a period of two years from the date of this order.

2. Respondent shall forthwith initiate and maintain office procedures which insure that there are prompt responses to all correspondence, telephone calls and other important communications from clients, courts and other persons interested in matters which respondent is handling and which will insure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

3. Respondent shall abide by the Minnesota Rules of Professional Conduct and shall cooperate at all times with the Director's investigation of any allegations of unprofessinal conduct which have or may come to the Director's attention. Either respondent's admission or a referee finding of further unprofessional conduct shall constitute conclusive evidence of breach of the stipulation entered into by the parties and of this order.

4. Within two weeks from the date of this order respondent shall nominate an attorney acceptable to the Director who shall monitor respondent's compliance with the terms of this probation. Failure to nominate such a supervisor acceptable to the Director permits the Director at his option to appoint any licensed Minnesota lawyer as respondent's supervisor. In either event the supervisor shall file a written report with the Director at least quarterly, or at such other more frequent intervals as may reasonably be requested by the Director.

5. During all the times of the probationary period, the respondent shall cooperate

fully with the supervisor and with the Director's office in their efforts to monitor compliance with the stipulation and with this order.

6. The Director has reserved the right to file a petition for revocation and for further disciplinary action against the respondent without the necessity of any panel proceedings if at any time during the probation the Director concludes that respondent has not complied with the terms and conditions of the probation or has committed acts of professional misconduct not referred to in the petition.

7. Respondent within 30 days from the date of this order shall pay $750 in costs pursuant to Rule 24(a), Rules on Lawyers Professional Responsibility.